UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KENYON D. BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PSYCHIATRIST MENTAL HEALTH AT WEST VALLEY DETENTION CENTER,<br><br>　　　　Defendant. | Case No. 2:21-cv-09656-RGK-JDE<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(g) |

　　　On December 13, 2021, Kenyon D. Brown ("Plaintiff"), a California state prisoner currently incarcerated at North Kern State Prison, proceeding pro se, filed a civil rights complaint against "Psychiatrist Mental Health at West Valley Detention Center" pursuant to 42 U.S.C. § 1983 relating to his mental health treatment at West Valley Detention Center from 2007 to 2009, seeking $100,000. Dkt. 1 ("Complaint") at 1-3, 6. The Complaint was not accompanied by a filing fee but was accompanied by a request to proceed in forma pauperis ("IFP") and a non-certified page from Plaintiff's prison trust account statement dated October 2021. See Dkt. 2 ("IFP Request").

/ / /

Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from "bring[ing] a civil action or appeal" IFP if the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) "is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that[they were] frivolous, malicious, or fail[] to state a claim . . . ." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (as amended) (first two alterations in original). Section 1915(g) provides a narrow exception permitting a prisoner who has had three prior "strikes" but who is in "imminent danger of serious physical injury" to proceed despite the strikes. 28 U.S.C. § 1915(g); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The danger must exist at the time the prisoner filed the complaint, not at some earlier or later time. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (as amended).

Courts may raise Section 1915(g) sua sponte and dismiss the action after providing the plaintiff with an opportunity to be heard. See Andrews, 398 F.3d at 1120; see also Strope v. Cummings, 653 F.3d 1271, 1273 (10th Cir. 2011) (courts "may raise the issue of strikes sua sponte"); Hernandez v. Ventura Cty., 2010 WL 5313476, at *2 (C.D. Cal. Nov. 16, 2010) ("Courts may, sua sponte, dismiss an action that is barred by Section 1915(g), but must notify the prisoner/litigant of the strikes it considers to support such a dismissal, and allow the prisoner an opportunity to be heard on the matter before dismissing the case."), report and recommendation adopted by 2010 WL 5315438 (C.D.

Cal. Dec. 15, 2010). Once the Court notifies a plaintiff that his case may be subject to dismissal under Section 1915(g), the plaintiff bears the ultimate burden of persuading the Court that Section 1915(g) does not apply. Andrews, 398 F.3d at 1120. "A dismissal under Section 1915(g) is without prejudice to a plaintiff refiling his civil rights complaint after prepayment of the full filing fee." Hernandez, 2010 WL 5313476, at *2.

    Here, Plaintiff concedes that he has filed four prior lawsuits in federal court while a prisoner. See Complaint at 1. Dockets of the Central and Eastern Districts of California reflect at least eight such cases. See Brown v. Arresting Officers, et al., Case No. 5:21-cv-01441-RGK-JDE; Brown v. City of Rialto, et al., Case No. 5:21-cv-00565-RGK-JDE; Brown v. Mental Health Court, et al., Case No. 5:21-00742-RGK-JDE; Brown v. Rialto Police Officer Jason Breen, Case No. 5:21-cv-00993-RGK-JDE; Brown v. North Kern State Prison, et al., Case No. 1:20-cv-01396-SKO (E.D. Cal.); Brown v. West Valley Detention Center, et al., Case No. 5:21-cv-01252-RGK-JDE (C.D. Cal.); Brown v. Anaya, et al., Case No. 5:21-1302-RGK-JDE (C.D. Cal.); and Brown v. CDCR Director, et al., Case No. 1:21-cv-01186-SKO (E.D. Cal.).

    At least three of Plaintiff's prior civil rights actions filed while he was incarcerated were dismissed as frivolous, malicious, or for failure to state a claim, including the following:

    1. Brown v. City of Rialto, et al., Case No. 5:21-cv-00565-RGK-JDE (dismissed for failure to state a claim upon which relief may be granted);

    2. Brown v. Rialto Police Officer Jason Breen, Case No. 5:21-cv-00993-RGK-JDE (dismissed for failure to state a claim upon which relief may be granted and res judicata); and

    3. Brown v. Anaya et al., Case No. 5:21-1302-RGK-JDE (dismissed as frivolous and for failure to state a claim upon which relief may be granted).

As such, it appears the instant action is subject to dismissal under 28 U.S.C. § 1915(g). Plaintiff does not allege he is under imminent danger of serious physical injury.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why his request to proceed IFP should not be denied on the grounds that he has suffered three or more "strikes" within the meaning of 28 U.S.C. § 1915(g) and has not plausibly alleged that he is under imminent danger of serious physical injury. **Within thirty (30) days of this Order,** Plaintiff shall file a written response to this Order. In the alternative, Plaintiff may avoid dismissal by paying the full filing fee within this deadline.

**The Court warns Plaintiff that failure to timely respond as directed in this Order may result in the denial of Plaintiff's IFP request and the dismissal of this action.**

Dated: December 15, 2021

_____
JOHN D. EARLY
United States Magistrate Judge